UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOSE R. VILLASENOR,   CIVIL NO. 05-828 (RHK/JSM)

    Petitioner,

v.   REPORT AND RECOMMENDATION

J.F. CARAWAY, Duluth Federal
Prison Camp, Warden, and
BUREAU OF PRISONS,

    Respondents.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1]. This matter was decided on the submissions of the parties.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Petitioner's Application for a Writ of Habeas Corpus [Docket No. 1] be **DISMISSED WITH PREJUDICE.**

## **FACTUAL BACKGROUND**

At the time he filed this Petition, Petitioner was an inmate at the Federal Prison Camp in Duluth, Minnesota. He is serving a 65-month prison sentence imposed by United States District Court Judge Rebecca R. Pallmeyer, for the Northern District of Illinois for conspiracy to possess with intent to distribute in excess of 500 grams of

1

cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1).  Buege Decl. ¶ 3, Attach. A, Public Information Data.

Petitioner is not presently challenging the validity of his conviction or sentence. Instead, he is claiming that the Bureau of Prisons, ("BOP"), has erroneously failed to give him credit toward his sentence for a certain period of time that he spent in "home confinement" before he was sentenced and went to prison.  He is seeking a court order that would direct the BOP to give him credit for approximately 12 months that he spent in home confinement, and expedite his release date accordingly.  For the reasons discussed below, the Court finds that Petitioner's claims must be rejected, and his habeas corpus petition must be dismissed.

## DISCUSSION

Congress has directed the BOP to give federal prisoners credit toward their sentences for time spent in "official detention" before sentencing.  The applicable statute, 18 U.S.C. § 3585(b), provides that –

> "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in <u>official detention</u> prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence." (Emphasis added.)

Petitioner claims that prior to his sentencing, he was subject to a "home confinement" order that should be viewed as "official detention" for purposes of § 3585(b).  Petitioner seeks credit for the time he was officially detained on home confinement before he began serving the sentence.

2

Petitioner relies on Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004), to support his current sentence credit claim.  In Elwood, the Court held that a Community Corrections Center, (also known as a "CCC" or "half-way house"), is considered to be a "place of imprisonment" for purposes of 18 U.S.C. ' 3624(c), (which pertains to transitional prisoner housing assignments during the last six months of their terms).  Petitioner contends that the time he spent in home confinement is legally indistinguishable from time spent in a CCC, and thus, according to Elwood, he was in a "place of imprisonment" while he was under home confinement.  Taking this argument one step further, Petitioner contends that because his home confinement is supposedly a "place of imprisonment," it must also be treated as "official detention" for purposes of ' 3585(b).

However, even if home confinement were the same as CCC confinement, (which is a very dubious proposition), Petitioner's sentence credit claim would still fail, because CCC confinement is not considered to be "official detention" for purposes of ' 3585(b).  In Reno v. Koray, 515 U.S. 50 (1995), the Supreme Court expressly held that federal prisoners are not entitled to sentence credit for time spent in a CCC before sentencing.  If pre-sentence home confinement time is treated the same as pre-sentence CCC time, as Petitioner contends it should be, then, pursuant to Koray, federal prisoners are not to be given sentence credit for any pre-sentence time spent in home confinement.

The Court of Appeals' decision in Elwood obviously does not (and could not) overrule or invalidate the Supreme Court's holding in Koray.  Thus, the holding of Elwood, i.e., that a CCC is a "place of imprisonment" for purposes of ' 3624(c), does

3

not affect the holding of Koray, i.e., that pre-sentence confinement at a CCC is not Aofficial detention@ for purposes of ' 3585(b).

In short, Koray, not Elwood, controls the outcome of Petitioner=s claim for additional sentence credit.  And, Koray clearly shows that Petitioner is not entitled to any credit toward his sentence for time spent in home confinement before his sentencing.  See also United States v. Wickman, 955 F.2d 592, 593 (8th Cir. 1992) (per curiam) (en banc) (Athe house arrest restrictions that were placed upon [the defendant] as conditions of his pre-trial release did not constitute >official detention= within the meaning of ' 3585(b)@); Starchild v. Federal Bureau of Prisons, 973 F.2d 610, 611 (8th Cir. 1992) (defendant was Anot entitled to credit for time spent under house arrest, however restrictive the conditions@).  In sum, even if Petitioner=s pre-sentence home confinement was as restrictive as CCC confinement, the Supreme Court has spoken: Koray precludes his request to have that time treated as Aofficial detention@ and credited toward his sentence.

## CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner is not entitled to any credit toward his sentence for the time he spent in home confinement before his sentencing.  The Court will therefore recommend that Petitioner=s application for a writ of habeas corpus be summarily denied, and that this action be dismissed with prejudice.

Villasenor R&R doc

## **RECOMMENDATION**

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED that Petitioner's Application for a Writ of Habeas Corpus [Docket No. 1] be **DISMISSED WITH PREJUDICE**.

Dated:     April 27, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **May 15, 2006** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Villasenor R&R doc